El Pueblo, Apelado, v. Meléndez, Apelante.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 589.—Resuelto en abril 28, 1913.

Jurado—Recusación—Parcialidad Implícita.—El párrafo 4 del artículo 227 del Código de Enjuiciamiento Criminal sólo es aplicable al jurado que ha intervenido en otro juicio por el mismo hecho delictivo denunciado.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. Herminio Díaz Navarro.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Arecibo, dictada en causa criminal seguida contra Andrés Meléndez y Rodríguez, por el delito de asesinato.

La transcripción del récord la forman: 1, la acusación; 2, acta de lectura y alegación del acusado; 3, sentencia; 4, escrito de apelación, y 5, pliego de excepciones.

La prueba practicada no se incluye en la transcripción. La acusación no ha sido impugnada y es enteramente correcta a nuestro juicio. El apelante no presentó alegato alguno ante esta Corte Suprema ni compareció al acto de la vista del recurso celebrado el 23 de abril actual. La única cuestión a resolver envuelta en la apelación, según aparece del pliego de excepciones, es la siguiente:

Se estaba constituyendo el Jurado que a solicitud del acusado debía juzgar su causa. Se preguntó a Octavio Herréra, por el abogado del acusado: "¿Ha actuado usted como jurado en alguna causa en esta misma corte, en este término o en el anterior, por el mismo delito de asesinato en primer grado?" Y Herrera contestó: "Si, señor." El abogado del acusado entonces dijo: "Recuso motivadamente este jurado, fundándome en lo que prescribe el párrafo 4º., del

artículo 227 del Código de Enjuiciamiento Criminal." El Fiscal se opuso, la corte negó la recusación por entender que el precepto legal que se invocaba se refería a otra persona que hubiera sido juzgada separadamente por el mismo delito que se estaba persiguiendo, y el abogado del acusado tomó excepción.

Exactamente la misma cuestión fué suscitada al ser examinados los jurados Pedro Delgado, Salustiano Villamil, Francisco Olivieri, Carlos Urdaz, José Matos y Miguel Sánchez, y resuelta de igual modo por la corte, habiendo el acusado en todos los casos anotado su excepción.

El precepto de ley invocado por el acusado, copiado a la letra dice así:

"Artículo 227. Una recusación por parcialidad implícita puede hacerse por todos o por cualquiera de los siguientes fundamentos y por ningún otro   *   *   *.

"4. Haber actuado en un jurado que ha juzgado a otra persona por el mismo delito que se denuncia   *   *   *."

El precepto de ley transcrito no puede tener el alcance que pretende el acusado. El hecho de que una persona hubiera intervenido en una causa por asesinato, no le impide que pueda intervenir como jurado en otra causa por asesinato. Llegar a la conclusión contraria, sería establecer que en Puerto Rico un ciudadano sólo podría servir como jurado una vez en su vida por cada clase de delito, y esto sería absurdo. El alcance del estatuto lo fijó en pocas palabras la corte de distrito. Es aplicable al caso del *mismo delito que se denuncia,* del *mismo hecho delictivo.* Dos o más personas pueden ser acusadas como autores o cómplices de un delito y pueden solicitar que se les juzgue separadamente, y es natural que el jurado que intervino en el primer caso juzgado no pueda intervenir como tal en el segundo juicio.

Decidida en tal sentido la única cuestión envuelta en el recurso, debe éste declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.